# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

LEON CORNELIUS BLISSETT,

       Defendant-Appellant.

UNPUBLISHED
October 16, 2014

No. 317761
Ingham Circuit Court
LC No. 12-001081-FH

Before: SAAD, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Defendant appeals his jury trial conviction of possession of marijuana with intent to deliver pursuant to MCL 333.7401(2)(d)(*iii*). For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

Defendant's parole officer and her colleagues visited defendant's apartment in October 2012 after defendant reported that his GPS tracking device had been stolen or lost. The officers found 13 individually wrapped bags of marijuana and multiple cell phones in defendant's apartment, as well as a digital scale that contained marijuana residue. The Lansing Police arrested defendant, and the prosecutor charged him with possession of marijuana with intent to deliver, a violation of MCL 333.7401(2)(d)(*iii*).

Defendant's jury trial was held in the Ingham Circuit Court, and the jury heard testimony from the parole officers, police, and defendant himself. Defendant admitted that the marijuana was his, but denied that he was engaged in the sale of marijuana to others. He claimed that he merely shared marijuana with some friends, who had been at a party he held the evening before his arrest.

Among the aforementioned testimony, the prosecution called a police officer as an expert witness in the field of drug investigations, who stated that individual users of marijuana (as opposed to dealers) rarely own digital scales. The officer also emphasized that the 13 individually wrapped bags and multiple cell phones present in defendant's apartment suggested that he was involved in drug dealing.

After closing arguments, the jury found defendant guilty of violating MCL 333.7401(2)(d)(*iii*). Defendant appealed the conviction to our Court, and argues that the

prosecution did not offer sufficient evidence of his guilt, because it did not prove that he had specific intent to deliver, which is required for conviction under the statute.

## II. STANDARD OF REVIEW

When reviewing a sufficiency challenge, "a court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended on other grounds by 441 Mich 1201 (1992). The trier of fact determines questions of credibility. *People v Avant*, 235 Mich App 499, 506; 597 NW2d 864 (1999).

## III. ANALYSIS

MCL 333.7401(2)(d)(*iii*) reads:

(1) Except as authorized by this article, a person shall not manufacture, create, deliver, or possess with intent to manufacture, create, or deliver a controlled substance, a prescription form, or a counterfeit prescription form. . . . .

* * *

(2)(d) Marihuana or a mixture containing marihuana is guilty of a felony punishable as follows:

* * *

(*iii*) If the amount is less than 5 kilograms or fewer than 20 plants, by imprisonment for not more than 4 years or a fine of not more than $20,000.00, or both.

Under the statute, "[a]ctual delivery is not required to prove intent to deliver." *People v Fetterley*, 229 Mich App 511, 517; 583 NW2d 199 (1998). Because "of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient. Intent to deliver can be inferred from the quantity of the controlled substance in the defendant's possession and from the way in which the controlled substance is packaged." *Id*. at 518 (citations omitted).

Here, the prosecution provided ample evidence that defendant possessed marijuana "with intent to . . . deliver." The jury heard testimony from multiple witnesses that defendant possessed 13 individually wrapped bags of marijuana, a digital scale that contained marijuana residue, and three cell phones. An expert witness testified that the digital scale and multiple cell phones found in defendant's possession are used in connection with the sale of drugs. And the evidence also showed that defendant initially lied to law enforcement agents and tried to conceal the digital scale in an attempt to avoid its discovery. Accordingly, defendant's arguments, which involve inapposite citations to unrelated statutes, are without merit.

Affirmed.

/s/ Henry William Saad
/s/ Peter D. O'Connell
/s/ Christopher M. Murray